IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00013-MSK-MJW

RONALD LAASMAR, and
SANDRA LAASMAR,

      Plaintiffs,

v.

PHELPS DODGE CORPORATION LIFE, ACCIDENTAL DEATH & DISMEMBERMENT
    AND DEPENDENT LIFE INSURANCE PLAN, a benefit plan provided by Phelps
    Dodge Corporation, a New York corporation, and
METROPOLITAN LIFE INSURANCE COMPANY,

      Defendants.

## ORDER SETTING HEARING UNDER FED.R.CIV.P. 16

      THIS MATTER comes before the Court upon a Complaint filed by the Plaintiffs seeking to recover life insurance benefits. The Defendant removed the action to this Court, contending that the Plaintiffs' claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). In light thereof, a hearing pursuant to Fed. R. Civ. P. 16(b) and D.C.COLO.LCivR 16.1 is necessary.

      **IT IS ORDERED**:

(1)    A hearing is set for **March 17, 2006 at 8:00 a.m.** in Courtroom A901 of the United States Courthouse located at 901 19th Street, Denver, Colorado.

(2)    On or before **March 3, 2006**, and in conformance with Fed. R. Civ. P. 26(f), D.C.COLO.LCivR 16.1, 16.2 and 26.1, and this Order, the parties shall prepare and submit a proposed scheduling order. The proposed scheduling order shall be in the form specified by D.C.COLO.LCivR Appendix F **except** that:

    (a)    It shall not contain a signature line for a judicial officer.
    (b)    It shall address the following:
        <u>Standard of Review</u>:

- Do the parties agree that the Plaintiffs' claim is governed by ERISA?
- Do the plan documents confer discretion upon the plan administrator to interpret the plan?
- Is this Court's review of the plan administrator's decision *de novo* or under an arbitrary and capricious standard?

<u>Administrative Record</u>:
- What documents comprise the administrative record?
- How much time do the parties need to compile and submit the administrative record?

<u>Discovery</u>:
- Does the claimant contend that the plan administrator had a conflict of interest in administering the plan? If so, are there facts in dispute concerning this issue?
- Is there a need for discovery?

(c) It shall not address the matters set forth in Section 7 (Case Plan and Schedule), Section 9 (Other Scheduling Issues) or Section 10 (Dates for Further Conferences) of Appendix F.

(3) No later than **February 10, 2006**, the parties shall meet and confer regarding the contents of the proposed scheduling order pursuant to Fed. R. Civ. P. 26(f).

(4) No later than **March 3, 2006**, the parties shall stipulate to and file all pertinent ERISA plan documents including summary plan descriptions. At the conference, the parties shall be prepared to address all applicable provisions in the plan documents.

(5) At the scheduling conference, the parties shall be prepared to address the issues covered by the proposed scheduling order and any other issues enumerated in Fed. R. Civ. P. 16(c).

Dated this 6th day of January, 2006

                  **BY THE COURT:**

                  *Marcia S. Krieger*

                  Marcia S. Krieger
                  United States District Judge