IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00013-MSK-MJW

RONALD LAASMAR, and
SANDRA LAASMAR,

      Plaintiffs,

v.

PHELPS DODGE CORPORATION LIFE,
ACCIDENTAL DEATH & DISMEMBERMENT AND DEPENDENT
  LIFE INSURANCE PLAN, a benefit plan provided by Phelps Dodge Corporation,
  a New York corporation, and
METROPOLITAN LIFE INSURANCE COMPANY,

      Defendants.

## ORDER AFFIRMING MAGISTRATE JUDGE AND
## DENYING MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on the Defendants' Appeal **(#18)** from the Magistrate Judge's decision to allow discovery to be conducted in this ERISA[1] case, to which the Plaintiffs responded **(#20)** and the Defendants replied **(#24)**. Also pending is the Defendants' Motion for Protective Order Staying Discovery Until the Court Rules on Objection to the Magistrate Judge's Discovery Order **(#21)**.[2] Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Employee Retirement Income Security Act of 1974.

[2] As to such motion, the Court withdraws the reference from the Magistrate Judge.

## II. Background

The Plaintiffs seek to recover life insurance benefits pursuant to a policy governed by ERISA (hereinafter, "the Plan"). Named as Defendants are the Plan and the Claims Administrator, (Metropolitan Life Insurance Company. The Plan Administrator (Phelps Dodge Corporation) is not a party.

The Court held a hearing pursuant to Fed. R. Civ. P. 16. At that hearing, the parties agreed that there was an inherent conflict of interest between the Plan's insurer and the Claims Administrator, because they are the same. They disagreed as to whether the Plan conferred discretion upon the Plan Administrator or Claims Administrator with regard to the determination of benefits. The parties advised the Court that the Plan was not ambiguous on this issue and that the matter could be resolved by examining the Plan documents. Nevertheless, the Plaintiffs expressed a desire to conduct discovery in order to determine whether the administrative record was complete and to determine the extent of the conflict of interest between the Claims Administrator and the Plan. Therefore, the Court referred the case to the Magistrate Judge for multiple purposes, including supervision of discovery.

Subsequently, the Magistrate Judge held a Rule 16 hearing. He set deadlines for written discovery as well as a general fact discovery deadline. He also authorized the Plaintiffs to take the deposition of Pati Casey. The Defendants appeal from that Order.

## III. Issue Presented

The issue presented is whether the Magistrate Judge's decision is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

## IV. Analysis

The Defendants argue that discovery is improper because review of the Claims Administrator's decision will be under an arbitrary and capricious standard. The Plaintiffs respond that their discovery will be limited and targeted at determining the contents of the administrative record, the circumstances surrounding the denial of benefits, and the extent of the conflict of interest. They also contend that review is *de novo* because the Claims Administrator lacked discretion to administer the Plan and failed to comply with ERISA's procedural requirements.

This Court sits in an appellate capacity when reviewing a denial of benefits under an ERISA plan. The standard of review is either for arbitrariness and capriciousness or *de novo*, depending upon whether the plan documents confer discretion upon the plan administrator. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In limited circumstances, review might be *de novo* when the plan administrator fails to timely make a determination, even though the plan documents confer discretion. *See Finley v. Hewlett-Packard Co. Employee Benefits Organization Income Protection Plan,* 379 F.3d 1168 (10th Cir. 2004).

In either case, review of the determination of benefits is based upon the arguments and evidence before the plan administrator. *See Sandoval v. Aetna Life and Cas. Ins. Co.,* 967 F.2d 377, 380 (10th Cir. 1992). In exceptional cases, extrinsic evidence may be considered during *de novo* review. *See Hall v. UNUM Life Ins. Co. of America*, 300 F.3d 1197, 1202 (10th Cir. 2002). The party seeking to offer such evidence bears the burden of establishing why the evidence is necessary for *de novo* review. *See id.* at 1203.

It is not clear whether review of the Plaintiffs' claim will be under an arbitrary and

3

capricious standard or *de novo*. However, this distinction is unimportant at this juncture. The Plaintiffs

> may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b).

Extrinsic evidence obtained during discovery may be admissible to demonstrate the seriousness or extent of a conflict of interest, what documents comprise the administrative record, and what standard of review should be applied. *See Rekstad v. U.S. Bancorp*, _ F.3d _, 2006 WL 1689217 (10th Cir. Jun. 21, 2006); *Fought v. UNUM Life Ins. Co. of America*, 379 F.3d 997, 1004 (10th Cir. 2004), *cert. denied*, 544 U.S. 1026 (2005). Although the parties concede that there is an inherent conflict of interest in this case which has the effect of shifting the burden of proof to the Defendants, the Plaintiffs are entitled to explore the seriousness of the conflict for purposes of later demonstrating how much deference should be given to the decision to deny benefits.

The Defendants also argue that the Plaintiffs have not proven that the requested discovery is not interposed for an improper purpose or unreasonable, and that some of the discovery is duplicative of the contents of the administrative record. The requested discovery is limited to what would appear to be appropriate areas, however, should the Plaintiffs' inquiry exceed that which is appropriate, the Defendants are free to seek relief.

Therefore, discovery may proceed as authorized by the Magistrate Judge. Consequently,

the motion for a protective order, which seeks to stay discovery pending this appeal, is denied, as moot.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Order **(#14)** is **AFFIRMED**.  Their Motion for Protective Order **(#21)** is **DENIED**, as moot.

Dated this 27th day of June, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge