IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-000013-MSK-MJW

RONALD LAASMAR, et al.,

Plaintiffs,

v.

PHELPS DODGE CORPORATION LIFE, et al.,

Defendants.

**ORDER REGARDING
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
(DOCKET NO. 27)**

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion to Compel Production of Documents (docket no. 27). The court has reviewed the motion, response (docket no. 32), and the attachments (exhibits) to the motion and response. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Plaintiffs are the parents of Mark LaAsmar who was killed in a one-truck accident on July 25, 2004, on a rural road near Kremmling, Colorado. Mr. LaAsmar was driving his truck which ran off the road. The toxicology report on Mr. LaAsmar showed a blood alcohol content of 9.277 g/100 ml. Per § 42-4-1301, C.R.S., Mr.

2

LaAsmar was three times over the legal blood alcohol limit. At the time of this accident, Mr. LaAsmar was a participant in the Defendant Phelps Dodge Corporation Life, Accidental Death & Dismemberment ("AD&D") and Dependent Life Insurance Plan, which the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), governs. The Plaintiffs have submitted a claim for the accidental death and dismemberment benefit under this Plan. It is undisputed that MetLife is the claims administrator of the Plan. On October 19, 2004, Metlife notified Plaintiffs by letter of its decision to deny their claim for the AD&D benefit.

Plaintiffs request, pursuant to Fed. R. Civ. P. 37, that Defendant Metlife be ordered to produce all documents exchanged between defendant's employees, including counsel, relating to the claim at issue in this case. In support of such request, Plaintiffs argue that such documents are not privileged under the attorney-client privilege and further are not protected under work product. Moreover, Plaintiffs assert that even if the attorney-client privilege exists, Metlife has waived such privilege through the deposition testimony of Pati Casey. Finally, Plaintiffs argue that under the "fiduciary exception" to the attorney-client privilege, legal advice provided to facilitate the review of a claim for benefits under ERISA is considered information intended to assist the administration of the plan and thus should be ordered produced. Lewis v. UNUM Corp. Severance Plan, 203 F.R.D. 615, 620 (D. Kan. 2001).

Defendant Metlife asserts that the "fiduciary exception" to the attorney-client privilege does not apply to advice in anticipation of litigation. Defendant Metlife argues that in United States v. Mett, 178 F.3d 1058, 1064 (9th Cir. 1999) (quoting United

States v. Evans, 796 F.2d 264, 266 (9th Cir. 1986)), this court stated, in pertinent part, considering the scope of the "fiduciary exception:"

> Thus, the case authorities mark out two ends of a spectrum. One the one hand, where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries. On the other hand, where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries . . ., the attorney-client privilege remains intact.

Id. at 1064.

Defendant Metlife further argues that Pati Casey did not waive the attorney-client privilege during her deposition. Defendant Metlife asserts that Ms. Casey's deposition testimony was in general terms about the nature of her communications with the law department. As such, Ms. Casey's deposition testimony allegedly would not constitute a waiver of the attorney-client privilege. See Williams v. Spirit/United Management Co., 2006 WL 1867478 at *10-11 (D. Kan. July 1, 2006). See also deposition transcript for Ms. Casey, Ex. G at 86:20-87:2; 87:6-16; 95:21-96:7; 96:11-97:1; 97:21-98:6; 98:15-99:8, and 97:21-98:14. In addition, Defendant Metlife asserts that the December 7, 2004, letter of the Plaintiffs' lawyer marks the dividing line in the spectrum between privileged and non-privileged documents. Even though the Plaintiffs' lawyer did not expressly threaten litigation, the tenor of the letter clearly implied that litigation would result. See Ex. D, 51 and 51. Lastly, Defendant Metlife argues that all of the subject documents at issue in this motion were prepared after the receipt of the December 7, 2004, letter of Plaintiffs' lawyer. See Ex. F.

"A document is protected by the attorney client privilege if it reveals a

4

communication between a client and an attorney, made in order to obtain or deliver legal assistance, that was intended to be treated as confidential." Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998) (citing In re Grand Jury Subpoena, 697 F.2d 277, 278 (10th Cir. 1983)).  Furthermore, "[a] document is protected by the work product privilege if it was prepared in anticipation of litigation by another party or that party's representative, and was intended to remain confidential." Id.  "A party asserting a privilege has the burden of establishing that the privilege is applicable.  A party asserting waiver of a privilege has the burden of establishing the waiver." Id.

Here, the court finds:

1. That the December 7, 2004, letter by Plaintiffs' lawyer clearly implied litigation would result even though those exact words were not used in this letter.

2. That all of the subject documents at issue in this motion were prepared after the receipt of the December 7, 2004, letter of Plaintiffs' lawyer.

3. That Pati Casey's deposition testimony did not waive the attorney-client privilege.

4. That the subject documents at issue relate to seeking of legal advice in response to threatened litigation by the Plaintiffs' lawyer and thus fall outside the "fiduciary exception" to the attorney-client privilege.

5. That the subject documents at issue are protected under work

5

product.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion to Compel Production of Documents (docket no. 27) is **DENIED**.

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 29th day of September 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge